## Appeal of William H. Churchman et al.

---

## Robert Churchman's Estate.

A legacy to be paid after the decease of testator's widow in case the legatee shall be living at that time or shall have left issue him surviving is a vested legacy subject to be devested, and is such an interest as will pass under the bankrupt laws to the assignee in bankruptcy of such legatee under a voluntary assignment made during the life of the widow.

(Argued January 26, 1888. Decided February 20, 1888.)

January Term, 1887, No. 118, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Ap-

peal by William H. Churchman, George Churchman, and Frederick Churchman, from a decree of the Orphans' Court of Philadelphia County awarding to their assignees in bankruptcy certain legacies contained in the will of Robert Churchman. Affirmed.

The facts of the case are as follows:

Robert Churchman, the testator, died in October, 1873, having first made his will, dated April 8, 1873, probated October 31, 1873, and recorded at Philadelphia, in Will Book No. 79, p. 486. By his will he provided as follows:

"All the rest, residue, and remainder of my property, both real and personal, I give, devise, and bequeath to my beloved wife, Julia, to hold the same for and during her natural life, for her own use. At her decease I give, devise, and bequeath the same as follows: . . . I give and bequeath unto each of the five children of my nephew, George, *viz.*, Caleb, Frederick, William, George, and Maria, the sum of $2,000. . . . The several legacies in this item of my will shall not take effect until after the decease of my wife."

By a codicil to his will, dated June 5, 1873, he provided: "I have also directed that certain legacies be paid at the decease of my wife; it is my will and I so direct that if any of the legatees die before her without leaving lawful issue, him or her surviving, living at my said wife's decease, then the legacy of the one so dying shall lapse for the benefit of the final residue of my estate, but if such legatee leaves such lawful issue, him or her surviving, who shall be living at the decease of my wife, then I direct that such issue shall receive the legacy which was bequeathed to his or her or their deceased parent."

Frederick A., George, and William H. Churchman, were adjudicated bankrupts, after the death of Robert Churchman and before the death of his widow, Julia Churchman, who died on April 9, 1887; Frederick A. and George Churchman, trading as F. A. & G. Churchman, assigning their joint and separate estates to the Honorable Ignatius C. Grubb, and William H. Churchman, to Henry R. Du Pont, Esq., all the parties named being citizens and residents of Wilmington, Delaware. The legacies mentioned were included in the schedules filed in the proceedings in bankruptcy as a part of the separate estates of the bankrupts. The separate estates of Frederick A. and George Church-

man have paid their creditors in full. The joint estate of F. A. & G. Churchman has not so done, nor has the separate estate of William H. Churchman.

The assignees never claimed the legacies and never took any steps to get possession of them until the account of the executor of Robert Churchman came up for audit after the death of Julia A. Churchman. They then claimed the respective legacies of William H., George and Frederick Churchman, as part of the separate estate of their assignors.

The auditing judge awarded to the assignees the legacies, on the ground that they were vested at the time of the assignments. Exceptions to this award were filed by William H., George, and Frederick Churchman, which the court in banc dismissed, PEN-ROSE, J., filing the following opinion:

Nothing can be added to what has been said by the auditing judge, upon the question as to the character of the gift to the grandsons of the testator; he has shown most clearly that the legacies were vested, subject to becoming devested in case of the death of the legatees without issue in the lifetime of the tenant for life—an event which did not happen. This disposes of the case; but we are not prepared to admit that if the legacies had been contingent, they would not have passed to the assignee in bankruptcy.

No such point was decided by the case of Nichols v. Eaton, 91 U. S. 716, 23 L. ed. 254, cited on behalf of the exceptants. All that was held there was that when the bankrupt's interest in income was dependent upon the absolute discretion of a trustee, under a gift for protection against creditors, it did not pass to the assignee in bankruptcy; and that the English doctrine, which regarded such gifts as contrary to the policy of the law, was not adopted by the Supreme Court of the United States—the judges in this respect agreeing with the decisions in Pennsylvania, many of which are cited in the opinion of Judge MILLER. The The general principle is that whatever the bankrupt might assign passes to the assignee in bankruptcy. Bare possibilities, such as the expectancy of an heir, do not pass; but possibilities coupled with an interest do. Higden v. Williamson, 3 P. Wms. 132.

It cannot be doubted in Pennsylvania that a contingent interest may be assigned; and what passes to the assignee in bankruptcy, under § 13 of the act of 1867, is "all the estate, real and

personal, of the bankrupt." Especially will a contingent interest pass where, as in this case, the bankruptcy was a voluntary one, and the interest was, in express terms, included in the schedule accompanying the petition.

Exceptions dismissed and adjudication confirmed absolutely.

Exceptants took this appeal, specifying for error: (1) The construction by the court of that portion of the will of Robert Churchman, deceased, which relates to the legacies of appellants; (2) the failure of the court to find that the interests of the appellants were contingent; (3) the action of the court in awarding the shares of Frederick A. and George Churchman to Ignatius Grubb, assignee in bankruptcy; (4) the action of the court in holding that the contingent interests of appellants were vested remainders; and (5) its action in holding that the interests of appellants were such as would pass under the bankrupt law to the assignees in bankruptcy.

*Lewin W. Barringer*, for appellants.—The interest of these legatees was contingent, and at the time of the assignments in bankruptcy the assignors had no interest whatever in these legacies, and consequently they conveyed no interest by their several deeds of assignment. 2 Bl. Com. 168; Fearne, Contingent Remainders, 216; Mergenthaler's Appeal, 15 W. N. C. 441; Pleasonton's Appeal, 99 Pa. 363; Cannon's Estate, 16 W. N. C. 544; McBridge v. Smyth, 54 Pa. 245; List v. Rodney, 83 Pa. 483; Womrath v. McCormick, 51 Pa. 504; Smith, Executory Interests, 281.

The sole object of the bankrupt law was to make equitable distribution of a man's present tangible assets among his creditors, and to give the man a new start, and to protect future acquired property from the grasp of then existing creditors.

What do the words "assignable under this title" mean? Simply such property as was then the estate of the bankrupt, and which he could then convey.

It was only effects, chattels, etc., and vested rights, and real estate then owned by the bankrupt which passed to the assignee. Rand v. Fleishman, 6 W. N. C. 497; Nichols v. Eaton, 91 U. S. 716, 23 L. ed. 254; Twopeny v. Peyton, 10 Sim. 487, and Godden v. Crowhurst, 10 Sim. 642.

Durant v. Massachusetts Hospital L. Ins. Co. 16 Nat. Bankr.

Reg. 324, Fed. Cas. No. 4,188, held that where by the terms of a trust the income was payable to the bankrupt for the support of himself and wife and for the education and support of his children, that no part of the income could be claimed by the assignee in bankruptcy.

The assignees are now estopped from claiming these legacies by reason of laches and estoppel *in pais*. They have never made any endeavor to collect the same, nor enforced their alleged right; and as they were not compelled to claim them, and as they did not claim them before, and allowed them to remain subject to the contingency of the Churchmans outliving the life tenant, they cannot now claim them against the Churchmans. Amory v. Lawrence, 3 Cliff. 523, Fed. Cas. No. 336.

*Hood Gilpin,* for appellees.—Wherever the preceding estate is limited so as to determine on an event which certainly must happen, and the remainder is limited to a person *in esse,* so that the preceding estate may, by any means, determine before the expiration of the estate limited in remainder, such remainder is vested. Fearne, Contingent Remainders, p. 217. See also Womarth v. McCormick, 51 Pa. 504; Mergenthaler's Appeal, 15 W. N. C. 441.

In Pennock v. Eagles, 102 Pa. 290, the general rule was stated to be that a legacy was to be taken as contingent or vested —just as the contingency, if any, is annexed to the gift or the payment of it. See also Manderson v. Lukens, 23 Pa. 31, 62 Am. Dec. 312; Letchworth's Appeal, 30 Pa. 175; McClure's Appeal, 72 Pa. 414; Chess's Appeal, 87 Pa. 362, 30 Am. Rep. 361.

The rules laid down in regard to vested remainders are intended to effectuate the intention of testator as expressed in his will, and favor the vesting of estates, if the language of the will can be so construed. Minnig v. Batdorf, 5 Pa. 505; Manderson v. Lukens, 23 Pa. 31, 62 Am. Dec. 312, and Letchworth's Appeal, 30 Pa. 175; Chew's Appeal, 37 Pa. 23.

The fact that the Churchmans had to outlive the widow was not such a condition as would prevent the legacies from vesting. Little's Appeal, 117 Pa. 14, 11 Atl. 520.

The death of the legatees without issue was a condition precedent to the vesting of the legacies in testator's final residuary legatees. Pennock v. Eagles, 102 Pa. 290.

The legacies were vested, subject to be devested upon the death of the legatees, without issue, before the death of the widow.

The payment in full of the individual creditors of Frederick A. and George Churchman will not affect the right of their assignees to claim as against the assignors, certainly as long as the firm debts of F. A. & G. Churchman remain unpaid. Bankruptcy act of 1867, §§ 14, 36.

It has been held, under the provisions of § 14 of the bankrupt act of 1867, that estates of which the bankrupt is to become possessed, upon the happening of a contingency expressed in a deed or will, pass to the assignee. James, Bankrupt Law, p. 41.

PER CURIAM:

The opinion of the court below so tersely and well disposes of this case that nothing is left for us but to concur in it, and affirm the decree.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.